Case number 20-1763. Joseph V. Fisher, Abellants, or Suspension Benefit Guarantee Corporation. Ms. Gaffney for the Abellants, Mr. Cooper for the Appellee. Good morning, Council. Good morning. Council may proceed. Thank you, Your Honors. May it please the Court. Allison Gaffney on behalf of Appellant Joseph Fisher. There are several issues raised in this appeal, but I'd like to spend my time this morning focusing on one of them. And that is the question of whether the appeals court's 2016 decision was new agency action or a more complete explanation of its 2011 decision. This court's answer to that question could resolve this entire appeal. If this court determines that the 2016 decision was not new agency action, then it need not reach what otherwise is a predicate question of whether the matter should have been remanded in the first place. And it need not reach the arguments regarding the regulation that the appeals board relied upon for the first time in 2016, PBGC Regulation 4044.4b. As the Supreme Court explained last year in Regents, an agency on remand may do one of two things. It may provide a fuller explanation of the reasons given as part of its initial action, or it may start afresh and take new agency action. If it does the former, it may elaborate on the reasons that it gave as part of those initial actions, or as this circuit's precedent has described it, it may provide an amplified articulation of those reasons, but it may not provide new ones. On the other hand, if it takes new agency action, it is not limited to its prior reasons, but it must comply with the procedural requirements for new agency action. And here, there's no dispute... The second decision on its face says that this, i.e. the second decision is final agency action. That's correct. It is final agency action, but it is not new agency action. It also says on its face... It has to be new agency action because the district court set aside the first decision. The district court did reason that the word set aside would make it new agency action, but that is incredibly overbroad. The word set aside come from the APA itself, of course. And is the standard APA remedy, right? The only way the district court could not have set aside that decision is if it had done the very unusual course of remanding without vacating, and we have a very specific test for when courts are allowed to do that. And there's not a word of any of that in the district court's first opinion. But if the word set aside, as you said, that's the standard remedy under the APA. And so if those were the marker of new agency action, that would mean that for nearly every instance of remand governed by the APA, there would be no need for the prohibition on post hoc rationalization. So it would completely do away with that foundational principle of administrative law. Which is not hugely concerning if you think that another foundational principle of administrative law is the Chenery Doctrine, and this is exactly what happened in Chenery where the agency gave one rationale, the court set it aside, the agency gave a different rationale on remand, and that second decision was fine. The second decision was fine because it was new agency action, and that was the holding of Chenery 2, is that the agency is not limited to one procedural, the agency has different procedural options on remand. It may take new agency action, but if it does, so it must follow the procedural requirements for new agency action. And that's what the Supreme Court said in Regents. Is there anything in APA procedural law that would prevent the agency if everything was fully briefed and argued the first time around when the case comes back on remand from just deciding it? The Supreme Court addressed this question in Regents. It said that the procedural requirements here are not just idle formalities. If, sure, and that's clearly right if the court sets aside a rule or a policy or something of that nature, but this just seems completely unexceptional. I mean, it happens in court, happens in courts all the time. You brief multiple grounds and it's not a legal requirement to rebrief when things come back on a remand. It, no, it is not a legal requirement to rebrief, but it is also a legal requirement that the agency may not provide new rationalizations for the first time on remand. The procedural requirements are what are the marker of new agency action. And those procedural requirements will vary depending on the agency action at issue. It may be that the procedural requirements are more extensive in formal rulemaking or we have informal adjudication and the procedural requirements are not as extensive, but in Regents they were even less so. The agency action at issue was the DHS announcing a policy change, but nonetheless, the Supreme Court said the procedural requirements matter here. They serve important values of administrative law. And it cannot be that simply considering a new rationale for the first time on remand would make it a new decision in itself. The agency must follow the procedural requirements. Well, our cases seem to focus on A, either what the district court said or, or, and B, what the agency said on remand. So we don't have a case here where the agency said we're sticking with our original point of view, but we want to make this additional observation. Nor do we have a situation here where your client wasn't fully advised of what issues were to be raised on remand from the district court's point of view. So I'm wondering as to procedural requirements, what you have in mind. My question is, he had full notice because the district court elaborated in its first decision why it was remanding. Your Honor, one point first is that the agency on remand did say precisely that, that it was, that the 2016 decision was a revised and more complete explanation of its 2011 decision. And if you stick with that, then the agency would not have been conforming its action to the district court's remand order. The agency had the choice on remand. It described its action as a more complete explanation, but then it went into an impermissible post hoc rationalizations. Well, what I'm trying to draw the distinction between is the district court said, not only is the policy ground a problematic, but there were other issues that the agency simply never addressed. And that could be dispositive. The district court said that the agency had not addressed whether the policy that it relied upon could apply to Mr. Fisher's factual situation. But it was clear on its face that the policy did not apply to the factual situation where the request was denied and not only submitted, but also denied before the notice of intent to terminate was submitted. I see that I'm running into my time. So what about the regulation? It also wanted the agency to address the regulation. And in the first decision, the agency had not done so. Correct. And that is exactly what makes its decision to address it on remand an impermissible post hoc rationalization. Well, I guess I don't understand how you see the APA functioning then in this type of situation where a district court expressly says, I need the agency to address two matters. One it addressed in part, but not sufficiently. And the second it didn't address at all. And so I'm setting aside the agency's first decision. This runs up again. Excuse me, go ahead. I'm sorry. The court can only affirm the agency action on the grounds invoked by the agency at the time of its decision, and it cannot substitute its judgment for that of the agency. The agency did not consider this regulation relevant to its denial of Mr. Fisher's request. Whether or not the court did, the court cannot substitute its judgment for the agency. Thank you. Any further questions? No questions. All right. Thank you. Let us hear from counsel for Appley. Good morning, your honors. May it please the court. Kenneth Cooper on behalf of the Pension Benefit Guarantee Corporation. I would like just to emphasize a few points that were just discussed. One is the point that the PBGC appeals board really had no choice but to make a new decision based on what the district court instructed to do. My question, though, is if they're going to make a new decision, shouldn't they have followed or should they have followed the normal procedures with reference to a briefing, hearing, whatever you would normally do with a new proceeding? Well, everything was already before the court in the 2010 appeal. There was no need to to start with a new proceeding. The district court had told the appeals board exactly what to address. Those issues had been addressed by Mr. Fisher in his original brief in 2010. So there was no need to start from the beginning with a new procedure. Does that make it then a post hoc rationalization on the first proceeding if you don't do anything else, even though you called it a new proceeding? Is it just a post hoc rationalization? It is not a post hoc rationalization because it was a new decision. The arguments, as I said, were already before the board. That would normally be the case in a post hoc rationalization, would it not? Well, it wouldn't normally do that if the issues were already in place. I can compare it to Regents. In Regents, there was a memo by the DHS that just said very briefly, this is illegal. The district judge remanded it simply to give an explanation. So the Supreme Court found that they did have to start over because they had to come up with new reasons. Here also, there was no predetermined conclusion. The board had to adjudicate this. In Regents, the DHS could have decided not to go further and just leave the DACA in place. But here, the appeals board had to make an adjudication. The result was not predetermined in the district court's remand. The judge specifically said if the board denies the appeal on remand, then Mr. Fisher can challenge that decision. So really, all these issues were before the board. It was not something that came up simply in the second decision. So your position simply is not to contest Appellant's argument about the proper procedures have to be followed, but rather that the record here shows that the issues had already been fully briefed and Appellant showed or has shown nothing to indicate that he did not have a full opportunity to get his views before the agency on remand? Yes, that would be correct. I would not say as a generalization that they would have had to make a new decision, but put in place new procedures and then the board saw this as an exception. I think they just saw it as the decision, I'm sorry, the issues were briefed, as you said. The district court told it what to address. It couldn't just start pulling in issues that perhaps Mr. Fisher wouldn't have had a chance to brief before. Well, that's sort of the point of my question. In other words, hypothetically, had Mr. Fisher himself not raised the regulation and it had come up only before the district court, then do you agree that he would have had been some procedure on remand to give him an opportunity to get his views before the agency? So the question is if he had not raised it at all in his appeal? Yeah, well, I think the district court would have likely said something different in that case. I'm not sure how it would have come up had it not been in the appeal. This is a hypothetical, just trying to understand how far the board's position is going on procedures. I'm just following up on Judge Santel's question. I think if a district court sends it back and says this decision is deficient, I want a new one, then I think you would likely need to start a new procedure. Anything further? No, if you have no other questions, I don't have anything further. All right, counsel. Collins, any further questions? No further questions. All right, thank you, counsel. Counsel for Appellant? Thank you. Quickly, the district court in its remand order has asked that the appeals board address three things. Two of those were closely tied to the rationale explained by the appeals board in 2011, and one of those was the regulation. So the district court, in terms of providing an amplified articulation that would have not been an impermissible post hoc rationalization, the appeals board could have chosen to amplify those reasons that it gave previously, but it did not. That was a choice that the agency had, regardless of what the district court told it to do. The Supreme Court in Regents rejected the argument that simply because the agency was invited to do something by the district court, that would make it permissible. And in Regents, there were multiple reasons in the first memo, and the court said that the reasons that were given in the first memo and then amplified in the second memo, it went ahead and evaluated those under the arbitrary and capricious standard as governed by the APA. So it was only the reasons that were not raised in the first memo that were impermissible post hoc rationalizations. And the same thing would apply here. It's just that in the 2016 decision, the appeals board focused entirely on this new rationale. And it really isn't an issue of whether Mr. Fisher raised the issue. It's not a question of notice. It's a question of what the agency rationale was for its decision. That's the only grounds on which the reviewing court may judge the agency's action. All right. Anything further? No. Thank you very much for listening to my argument this morning. All right. Thank you. We will take the case under advisement.
judges: Rogers, Katsas, Sentelle